IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARON REYNA, #835499 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv270 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge John D. Love. The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. First, the Court notes that Petitioner objects that he filed a response or objections to the Director's answer along with a motion for an extension of time in which to file such response, which the Court had not ruled upon. No response is required for an answer. In this case, the Magistrate Judge simply prepared his R&R on the basis of the answer as filed before Petitioner's motion had been received. Notwithstanding, the Court herein grants Petitioner's motion for an extension of time and has considered each of the issues raised in his response to the Director's answer and as reflected in his objections to the R&R.

Second, Petitioner asserts that his petition should not be time-barred because he should receive

1

the benefit of tolling for the period during which he, by his wife, raised an "appeal" to the TDCJ Director's Review Committee. He is incorrect. As the Magistrate Judge noted in the R&R, properly and timely filed Step 1 and Step 2 grievances toll the limitations period in the instance of a disciplinary case review. *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). Petitioner filed such Step 1 and Step 2 grievances and received the benefit of tolling during their pendency, as stated in the R&R. However, a further appeal to the TDCJ Director's Review Committee is outside the grievance structure and is a discretionary review process via the ombudsman. Although a prisoner is required to follow the grievance process prior to filing a federal habeas petition, nothing requires a prisoner to petition for such discretionary review via the ombudsman to the Director's Review Committee. Therefore, the discretionary process does not toll the limitations period. *See Johnson v. Quarterman*, 2009 WL 1659643, at *3 (N.D. Tex. June 11, 2009) (citing cases) (context of parole revocation habeas review). For that reason, Petitioner's argument as to the limitations period is without merit.

Finally, Petitioner's argument that he had a state-created liberty interest in the reduction of his line-class and loss of good time was directly addressed in the R&R. He has no liberty interest in his classification status, even if he loses the opportunity to earn good time credits. *Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995) (*per curiam*), *cert. denied*, 517 U.S. 1196, 116 S. Ct. 1690, 134 L. Ed. 2d 791 (1996); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Although he actually lost accrued good time credits, he was not eligible for release on mandatory supervision; therefore, no liberty interest was implicated. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). His argument that release on mandatory supervision is discretionary within TDCJ is unavailing. His eligibility for release on mandatory supervision is a function of Texas statutory law, not the discretion of prison

officials. He was convicted of a violation of Tex. Pen. Code § 29.03 for aggravated robbery. Therefore, pursuant to Tex. Govt. Code § 508.149(a)(12), he is simply ineligible for release on mandatory supervision. Petitioner has not shown any due process violation and his remaining arguments are without merit.

It is therefore

**ORDERED** that Petitioner's motion for an extension of time to file a response to the Director's answer (docket entry #15) is **GRANTED**. It is further

**ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 2nd day of November, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**